Ex parte Two Calf, Horned Horse, Turning Bear, Bear Man, Bad Thunder, and Grey Dog.

**Practice in Criminal Cases:** WITNESSES.  Where the witnesses on the part of the state have not been prevented from attending court, and an indictment has not been found against a party accused of crime, at the term at which he is held to answer, he should be discharged.

ORIGINAL application for a writ of habeas corpus.

*G. M. Lambertson,* United States district attorney, on behalf of the relators.

No appearance on behalf of the respondent.

BY THE COURT.

The relators are Indians, who were arrested by the military authorities of the United States and delivered to the sheriff of Cuming county for safe keeping.  It appears that they are charged with committing the crime of murder in the unorganized territory of the state, and that the judge of the sixth judicial district designated Cuming county as the place wherein the alleged offense might be inquired into by the grand jury; that a regular term of the district court has been held in said county since their arrest and imprisonment, and no indictment has been found against them; that they have had no preliminary examination, and are not held by any warrant or commitment, and there is no evidence tending to show that they are guilty of any offense against the laws of the state.   Section 389 of the criminal code provides that: Any person held in jail, charged with an indictable offense, shall be discharged if he be not indicted at the term of the court at which he is held to answer, unless such person shall

have been committed to jail on such charge after the rising and final report of the regular grand jury for said term, in which case the court, in its discretion, may discharge such person or order a new grand jury, as provided in section 405, or require such person to enter into a recognizance with sufficient security for his appearance before said court to answer such charge at the next term thereof; *Provided,* That such person so held in jail without indictment shall not be discharged if it appears to the satisfaction of the court that the witnesses on the part of the state have been enticed or kept away, or are detained and prevented from attending court by sickness or some inevitable accident.

There is no claim that the witnesses on the part of the state were prevented from attending before the grand jury, and it is apparent that the relators were arrested on mere suspicion. They must therefore be discharged.

JUDGMENT ACCORDINGLY.