18   401
43   865

FRANK JONES, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Criminal Law**: PROSECUTION BY INFORMATION. The act " to provide for prosecuting offenses on information and to dispense with the calling of grand juries, except by order of the district judges," which took effect June 10, 1885, applies to all cases where grand juries were required after the act took effect.

2. ———: GRAND JURY NOT SUMMONED UNLESS JUDGE DIRECT. The proceedings by information are exclusive, unless the judge, in a written order filed with the clerk of the court, shall require a grand jury, in which case it shall be drawn in the manner provided by law.

3. ———: ———. The authority to require a jury to be summoned from the bystanders is repealed by implication.

ERROR to the district court for Cuming county. Tried below before CRAWFORD, J.

*Wilbur F. Bryant*, for plaintiff in error.

*William Leese, Attorney General, Guy R. Wilbur, District Attorney*, and *T. M. Franse*, for defendant in error.

MAXWELL, J.

The plaintiff in error was convicted in the district court of Cuming county of shooting at another person with intent to kill, and was sentenced to imprisonment in the penitentiary for eight years. He now prosecutes error to this

court. It appears from the record that the March term, 1883, of the district court of Cuming county was adjourned till the 23d of June, the grand jury being discharged; that on the 23d of June 1885, an order was entered by said court requiring the sheriff to summon a grand jury from the by-standers. The sheriff thereupon summoned a grand jury from the bystanders as ordered, and such jury found the indictment against the plaintiff in error, upon which he was convicted. His attorneys thereupon filed a motion to quash the indictment, because the grand jury had not been legally drawn, which motion being overruled a plea in abatement upon the same ground was interposed, which was held insufficient. There are other questions in the case, but in the view we take of the indictment it will be un-necessary to consider them. At the last session of the leg-islature an act was passed " to provide for prosecuting of-fenses on information, and to dispense with the calling of grand juries except by order of the district judges." This act took effect on the 5th day of June, 1885. Comp. Stat. 1885, Crim. Code, Ch. LIV. Sec. 7 provides that "grand juries shall not hereafter be drawn, summoned, or required to attend at the sittings of any court within this state, as provided by law, unless the judge shall so direct by writing, under his hand, and filed with the clerk of said court." At the same session of the legislature sections 660, 661, and 662 of the Code were amended to read as follows:

" Sec. 660. The clerk of the district court or his dep-uty and the sheriff or his deputy, or if there be no sheriff or deputy sheriff, the coroner of the county, shall, at least ten days before the first day of the session of the district court, meet together and draw by lot out of the box, a re-ceptacle wherein shall be kept the tickets mentioned and referred to in section (659) six hundred fifty-nine of said title, twenty-four names, and the persons whose names are drawn shall be the petit jurors. And when a grand jury is ordered the clerk or deputy clerk and sheriff or deputy

sheriff, or coroner, if there be no sheriff or deputy sheriff, shall then draw (16) sixteen additional names, and the persons whose names are drawn shall be the grand jury."

"Sec. 661.  The clerk shall, on the day of the drawing aforementioned, issue an order to the sheriff, deputy sheriff, or coroner, as the case may be, commanding him to summon the persons whose names are drawn as petit jurors to appear before the district court at or before the hour of eleven o'clock on the morning of the first day of the term, stating in the order the day of the week and month and the place of the sitting of the court, to serve as petit jurors; and a like order commanding the sheriff, deputy sheriff, or coroner to summon the grand jury, when a grand jury has been ordered and drawn."

"Sec. 662.  The sheriff, deputy sheriff, or coroner having received the order, shall, at least five days before the first day of the session of the court, make service of said order upon each person whose name was selected and drawn as a petit juror, by reading or delivering a copy of the same to the person summoned, or by leaving a copy at his residence, except that the copy shall contain only the name of the person served and not the name of any other petit juror. And when a grand jury is ordered and summoned, service of said order shall be made on each person in the same manner as is provided for service on a petit juror in this section."

This act contains an emergency clause, and took effect on the 5th day of March, 1885.  The act requiring prosecutions for crime to be instituted by information was intended to supersede prosecution by indictment. It is a new remedy, requiring the accuser and the accused to meet face to face when prosecutions for crime are instituted, as, with the exception of fugitives from justice, no information can be filed until there has been had a preliminary examination before a justice of the peace or other examining magistrate or officer. It will thus be known in advance of a term

of court what persons are charged with crime and the ne-
cessity, if any exists, for calling a grand jury. The legis-
lature evidently supposed that ordinarily such jury would
be unnecessary, and the power to call a grand jury was re-
served to the judge, to be exercised by him only when in
his opinion the demands of public justice required it. He
must determine the necessity; but when in his opinion a
jury is necessary, the statute has pointed out the procedure
to be followed, viz., an order in "writing under his hand
and filed with the clerk of the court." This is to be filed
with the clerk "at least ten days before the first day of the
session of the district court," and a jury will then be drawn
from the receptacle, in which the names of sixty persons,
selected for jurors by the county board, are kept. It will
be observed that under the former statute the names of
grand jurors were drawn before those of the petit jurors,
while under our present law the names of the petit jurors
are first drawn. This court, from its earliest organization,
has required grand juries to be drawn in the manner pro-
vided by law. Thus, in *Burley' v. The State,* 1 Neb., 397,
it is said : " The grand jury must be selected in the man-
ner prescribed by the law. There is no security to the cit-
izen but in a rigid adherence to the legislative will as ex-
pressed in the statutes made for our guidance." This case
was cited with approval in *Preuit v. The People,* 5 Neb.,
377. *McElvoy v. The State,* 9 Neb., 158. *Clark v. Sa-
line Co.,* Id., 516. *Priest v. The State,* 10 Neb., 393. And
was followed in *Bohanan v. The State,* 15 Neb., 209, and
some other cases, without being cited, and is the settled
law of this state. The importance of securing fair-minded,
impartial, intelligent men for jurors, who, without feeling
or bias, will weigh the evidence and be governed by it
alone, cannot be overestimated. To secure such jurors the
statute requires the names of electors to be selected in
due proportion from all parts of the county. Under the
former statute, where after a grand jury was discharged

it became necessary to summon another, the court could order it summoned from the bystanders. This power, perhaps, was necessary to prevent a failure in the administration of the law in some cases; but under the present statute this power is unnecessary, and the statute is repealed by implication. The court, therefore, had no power to order a grand jury summoned from the bystanders, and as proper objections were made to the jury by a plea in abatement, the jury should have been discharged. The indictment, therefore, is invalid, and must be quashed. The judgment of the district court is reversed, the indictment quashed, and the plaintiff in error remanded to the proper authorities of Cuming county to be dealt with according to law.

REVERSED AND REMANDED.

THE other judges concur.