STATE OF NEBRASKA v. J. DAN LAUER.

FILED JUNE 7, 1894. No. 6088.

1. **Grand Jury:** ORDER OF JUDGE OF DISTRICT COURT. So long as section 584 of the Criminal Code shall remain in force, no grand jury can be lawfully organized unless its selection and

impaneling has been previously ordered by a judge of the district court in which such grand jury is to act.

2. ——: ——. In counties having seventy thousand or more inhabitants an order of a district judge directing the selecting and summoning of a grand jury must be in writing and filed with clerk of the district court of such county more than twenty days prior to the first day of the term of court for which such grand jury is desired.

3. ——: DUTY OF COUNTY BOARD. The county board of the county in which said grand jury is ordered must, at least twenty days before the first day of the term of court at which said grand jury is to act, select the persons from among whom said grand jury is to be impaneled.

4. ——: TIME TO APPEAR. The district judge may, in his discretion, require, in the order made by him for the selection of a grand jury, that the persons selected as grand jurors by the county board be summoned to appear either at the first day of the term of court for which the grand jury is desired or at any other specified day of said term of court.

EXCEPTIONS to the decision of the district court for Lancaster county, STRODE, J, presiding. Filed under the provisions of section 515 of the Criminal Code.

*George H. Hastings, Attorney General,* and *W. H. Woodward, County Attorney,* for the state.

*D. G. Courtnay, contra.*

RAGAN, C.

In the year 1892 Lancaster county contained a population of seventy thousand or more inhabitants and constituted the third judicial district of the state. On the 1st of January of that year the district judges fixed two terms of court for said year in said county, as follows: One term commencing February 1, 1892, and which closed July 5, 1892, known as the "February Term," and one term commencing September 19, 1892, and which closed December 24, 1892, and which was known as the "Sep-

tember Term." During the sitting of said September term
of court, to-wit, on the 25th day of October, the district
judges of said district made in writing under their hands
and filed with the clerk of the district court of said county
an order in words and figures as follows:

"In the Matter of the Calling of the Grand Jury.

"It is hereby ordered by the court that a grand jury be
called on November 16, 1892, to take action on such mat-
ters as may properly come before it.

"Dated October 25, 1892.        CHARLES L. HALL,
                        "SAMUEL J. TUTTLE,
                                "Judges."

In pursuance of this order persons having the qualifica-
tions of grand jurors were selected, summoned, and appeared
in court on the 16th of November, 1892, and were duly
organized into a grand jury. This grand jury returned an
indictment for felony against one J. Dan Lauer. To the
indictment so returned Lauer filed a plea in abatement, as-
sailing the validity of the indictment on the ground that
the district judges had no authority of law for making
such order, and that the grand jury's proceedings and the
indictment returned were null and void. The district
court overruled a demurrer filed by the county attorney to
this plea and dismissed the state's action. To this ruling
of the district court the county attorney took an exception
and brings the action of the district court here for review
in pursuance of the statute.

Article 1, section 10, of the constitution provides: "No
person shall be held to answer for a criminal offense except
in cases in which the punishment is by fine or imprison-
ment, otherwise than in the penitentiary, in case of im-
peachment, and in cases arising in the army and navy, or
in the militia when in actual service in time of war or pub-
lic danger, unless on a presentment or indictment of a grand
jury; *Provided*, That the legislature may, by law, provide

for holding persons to answer for criminal offenses on information of a public prosecutor; and may, by law, abolish, limit, change, amend, or otherwise regulate the grand jury system."

Section 578 of the Criminal Code provides: "That the several courts of this state shall possess and may exercise the same power and jurisdiction to hear, try, and determine prosecutions upon information for crimes, misdemeanors, and offenses, to issue writs and process, and do all other acts therein as they possess and may exercise in cases of like prosecutions upon indictments."

Section 584 of the Criminal Code provides: "Grand juries shall not hereafter be drawn, summoned, or required to attend at the sittings of any court within this state, as provided by law, unless the judge thereof shall so direct by writing, under his hand, and filed with the clerk of said court."

The precise question involved is whether or not in counties having seventy thousand or more inhabitants the judge of the district court of such county may, during the session of a term of court, order the selection and impaneling of a grand jury to act during such term of court; or whether the order of the district court directing the selection and summoning of a grand jury for any term of court must not be made prior to the first day of such term of court, and the persons from whom such grand jury is to be chosen must not be selected by the county board at least twenty days prior to the first day of the term of court at which such grand jury is to act. The answer to this question involves a construction of section 669$h$ of the Code of Civil Procedure, which is as follows: "If a grand jury shall be required by law or by order of the judge for any term of court, it shall be the duty of the county board in each of the counties in this state wherein such court is directed to be holden, at least twenty (20) days before the sitting of such court, to select twenty-three (23) persons, possessing the qualifica-

tions as provided in section two (2) of this act, and as near as may be a proportionate number from each town or precinct in their respective counties, to serve as grand jurors at such term and to cause the county clerk, within five days thereafter, to certify the names of the persons so selected as grand jurors to the clerk of the court for which they are elected, who shall issue and deliver to the sheriff of the county wherein the court is to be held, at least ten (10) days before the term of court for which they shall have been selected, or during term time if the court shall order, a summons commanding him to summon the persons so selected as aforesaid to appear before such court at or before the hour of eleven (11) o'clock A. M. on the first day of the term, or upon such other day as the judge shall direct, to constitute a grand jury for such term," etc. Reading the foregoing section of the constitution and several sections of the Criminal Code in connection with the Code of Civil Procedure just above quoted we have reached the following conclusions:

1. That so long as section 584 of the Criminal Code remains in force, no grand jury can be lawfully selected and impaneled unless the selection and impaneling of such grand jury has been first ordered by the judge of the district court in which such grand jury is to act.

2. That in counties having seventy thousand or more inhabitants the order of the district judge ordering the selecting and summoning of a grand jury must be in writing and filed with the clerk of the district court of such county, more than twenty days prior to the first day of the term of court at which said grand jury is desired.

3. That the county board of the county in which said grand jury is ordered, at least twenty days before the first day of the term of court for which said grand jury is ordered, must select the persons from among whom said grand jury is to be impaneled.

4. That the district judge may, in his discretion, require,

in the order made by him for the selection of a grand jury,
that the persons selected as grand jurors by the county
board be summoned either at the first day of the term of
court for which the grand jury is desired or at any other
specified day of said term of court.

The order made by the district judges of Lancaster
county, during the September, 1892, term of that court
directing the selecting and impaneling of a grand jury for
that term was void. The exceptions of the state are over-
ruled.

EXCEPTIONS OVERRULED.