STATE OF NEBRASKA, EX REL. DANIEL S. CONROY, V. FRED A. MILLER.

FILED FEBRUARY 19, 1895. No. 7512.

1. **Criminal Law:** INDICTMENT AND INFORMATION. In this state prosecutions for crime may be either upon information or by indictment.

2. **Information:** TIME TO FILE. An information must be filed by the prosecutor during the term of court at which the accused is required to appear, in case he is held in jail.

3. **Criminal Law:** FAILURE TO FILE INFORMATION: DISCHARGE OF PRISONER. Before a defendant in a criminal prosecution, who has been committed to jail in default of bail by the examining magistrate, is entitled to be discharged under section 389

State v. Miller.

of the Criminal Code it must appear that neither an information was filed, nor an indictment was found, against him at the term of the district court at which he is held to answer.

ERROR from the district court of Lancaster county. Tried below before HOLMES, J.

*Alex. Altschuler,* for relator.

*A. S. Churchill, Attorney General, contra.*

NORVAL, C. J.

On the 5th day of January, 1895, the plaintiff in error applied to the Hon. E. P. Holmes, one of the judges of the district court of Lancaster county, for a writ of *habeas corpus,* against Fred A. Miller, sheriff of said county. Upon the hearing the application was denied. The petitioner prosecutes error.

It is alleged in the petition, substantially, and by the respondent admitted to be true, that on the 18th day of September, 1894, the relator was arrested upon the charge of grand larceny filed against him in the police court of the city of Lincoln, and, upon a preliminary examination had before said court, he was required to enter into a recognizance in the sum of $200 for his appearance at the next term of the district court of said county, and in default of bail he was committed to the county jail, where he has ever since been confined; that the first of said district court held after said preliminary hearing convened on the 24th day of September, 1894, and ended on December 31, 1894; that no information has been filed by the county attorney in said court against the relator upon said charge, or for the commission of any other offense. The relator contends that he is entitled to be discharged from imprisonment on the ground that an information was not filed against him during the September, 1894, term of the district court of Lancaster county. The proper determination of this ques-

tion requires an examination and construction of several provisions of the Criminal Code. Section 389 of said Code reads as follows: "Any person held in jail charged with an indictable offense shall be discharged if he be not indicted at the term of the court at which he is held to answer, unless such person shall have been committed to jail on such charge after the rising and final report of the regular grand jury for said term, in which case the court in its discretion may discharge such person or order a new grand jury, as provided in section four hundred and five, or require such person to enter into recognizance with sufficient security for his appearance before said court to answer such charge at the next term thereof; *Provided*, That such person so held in jail without indictment shall not be discharged, if it appears to the satisfaction of the court that the witnesses on the part of the state have been enticed or kept away, or are detained and prevented from attending court by sickness or some inevitable accident." The foregoing section was under consideration in *Ex parte Two Calf*, 11 Neb., 221, where it was held that a person, who has been committed to jail upon a preliminary examination for a criminal offense, is entitled to be discharged from such imprisonment where no indictment is returned against him at the term of court at which he is held to answer, unless the state's witnesses have been prevented from attending court. This holding is but declaratory of the plain provisions of the statute. Since that decision was pronounced the legislature has made provision for prosecuting offenses on information, reserving, however, to the judges of the district courts the power to call grand juries when it is deemed expedient so to do. (See ch. 54, Criminal Code.) Now prosecutions may be either upon information filed by the county attorney or by indictment. Section 579 of said Code provides, *inter alia*, that all informations shall be filed during term, in the district court having jurisdiction of the offense. Sections 581 and 583 are as follows:

"Sec. 581. That the provisions of chapters 40, 41, 42, 43, 44, 45, of the Criminal Code, in relation to indictments, and all other provisions of law applying to prosecutions upon indictments, to writs, and processes therein, and the issuing and service thereof, to motions, pleadings, trials, and punishments, or the execution of any sentence, and to all other proceedings in cases of indictment, whether in the court of original or appellate jurisdiction, shall in the same manner and to the same extent, as near as may be, apply to informations, and all prosecutions and proceedings thereon.

"Sec. 583. It shall be the duty of the prosecuting attorney of the proper county to inquire into and make full examination of all the facts and circumstances connected with any case of preliminary examination, as provided by law, touching the commission of any offense wherein the offender shall be committed to jail, or become recognized or held to bail, and if the prosecuting attorney shall determine in any such case that an information ought not to be filed, he shall make, subscribe, and file with the clerk of the court a statement in writing, containing his reasons, in fact and in law, for not filing an information in such case, and that such statement shall be filed at and during the term of court at which the offender shall be held for his appearance; *Provided*, That in such case such court may examine said statement, together with the evidence filed in the case, and if, upon such examination, the court shall not be satisfied with said statement, the prosecuting attorney shall be directed by the court to file the proper information, and bring the case to trial."

It will be observed that section 581, quoted above, makes the provisions of the Criminal Code relating to indictments and prosecutions thereunder applicable, so far as possible, to prosecutions upon informations filed by the county attorney. Construing, therefore, said section 389 and the provisions of said chapter 54 of the Criminal Code to-

gether, as we must, it is perfectly plain that where the party is in jail the information must be filed against him during the term of the district court at which he is held to answer. The filing of the information, in case the accused is in custody, cannot be put off to await the convenience of the prosecuting officer until a subsequent term of the court. To hold otherwise would be the rankest kind of judicial legislation. We must not, however, be understood as intimating by this that an amended information, in a proper case, may not be filed at any term of court.

The opinion in *Hammond v. State*, 39 Neb., 252, is not in conflict with the conclusion reached herein. In that case section 389 was not under consideration, but sections 390 and 391 of the Criminal Code alone were construed. The point we have been discussing was in no manner involved in the case above mentioned, but the question within what time a defendant who has been indicted, or an information filed against, shall be brought to trial was involved, as the following quotation from the syllabus of the decision will disclose: "1. A defendant in a criminal prosecution, who has never been committed to jail, or otherwise detained in custody, is not entitled to be discharged under the provisions of section 390 of the Criminal Code, on the ground that he has not been brought to trial before the end of the second term after the finding of the indictment or the filing of the information. 2. The provision of section 391 of the Criminal Code, for the discharge of any person indicted who, after having given bail, shall not be brought to trial before the end of the third term of the court held after the finding of such indictment, is held to exclude the term at which the indictment is found." In this state, as already stated, prosecutions for crimes may be in either of two modes, by indictment presented by a grand jury, or upon information filed by the prosecuting attorney. In case a party is bound over to the district court to answer a criminal offense, and the grand jury, after investigating the

State v. Miller.

charge, reports ignoring a bill, the prosecutor cannot file an information against the prisoner for the same offense, at least until another preliminary examination before a magistrate has been had. (*Richards v. State*, 22 Neb., 145.) But where no grand jury has been ordered, the prosecution by information is the exclusive mode. (*Jones v. State*, 18 Neb., 401.) So, too, where an indictment is defective, the court may permit the county attorney to withdraw the same and file an information charging the offense covered by the indictment. (*Alderman v. State*, 24 Neb., 97.) In the case at bar, while the application for the writ alleges that no information has been filed against the relator, it fails to aver that no indictment has been returned against him. In addition to the facts stated in the application herein it should have contained an averment to the effect that no indictment was found against the relator at said September term of the court, or that no grand jury was ordered, summoned, selected or impaneled for said term. Suppose the petition for the writ merely showed that no indictment was returned against the relator at the term at which he was held to answer. Would it be sufficient to entitle him to be discharged from custody? Clearly not; for the obvious reason indictment is not the sole mode provided by statute for the prosecution for crime. Before a prisoner has the right to demand his release by *habeas corpus*, under the provisions of said section 389, the application for the writ must disclose not only that no information was filed against him at the term of court at which he was required to appear, but that he was not indicted at said term for any crime, or that no grand jury was ordered for said term of court. It follows the application was insufficient to entitle relator to be discharged, and the order of the district court denying the writ must, therefore, be

AFFIRMED.