EX PARTE TRESTER.

FILED DECEMBER 21, 1897.    No. 9493.

Criminal Law: FAILURE TO FILE INFORMATION: DISCHARGE OF PRISONER. One who has been admitted to bail after a preliminary examination on a criminal charge, and who becomes a fugitive, is

not, after his return or apprehension, entitled to be discharged because no information was filed against him at the term at which he was recognized to appear, and while he was a fugitive.

ERROR from the district court of Lancaster county. Tried below before HALL, J. *Affirmed.*

*Macfarland & Altschuler* and *C. H. Bane*, for petitioner.

*C. J. Smyth, Attorney General,* and *Ed P. Smith, Deputy Attorney General,* for the state.

IRVINE, C.

William P. Trester was convicted in the district court of Cherry county of an assault with intent to kill, and sentenced to imprisonment in the penitentiary for a term of three years. Application was thereafter made to the district court of Lancaster county for a writ of habeas corpus, directed to the warden of the penitentiary, it being alleged that the confinement of Trester was unlawful, because no indictment was found or information filed against him at the term of the district court to which he was bound to appear, and none until the second term thereafter. The district court held adversely to the contention of the prisoner and remanded him to the custody of the warden. From this order error is prosecuted.

The case was heard upon an agreed statement of facts, from which it appears that on March 26, 1896, Trester, as the result of a preliminary examination, was held to appear before the district court of Cherry county at the term thereof to be held April 20, 1896. He was then released upon bail, and, about the first of April, became a fugitive, and remained such until in January or February, 1897, when he voluntarily returned. During his absence two terms of court had been held. He was informed against soon after his return and apprehension, and proceeded against thereafter with due dispatch. At

the April term, 1896, to which he had been recognized to appear, his recognizance was forfeited.

The statutes upon which the prisoner bases his claim to be discharged are sections 389 *et seq.* of the Criminal Code, being chapter 38 thereof, and sections 583 and 585, being a portion of the law relating to prosecutions by information. Section 389 is to the effect that "Any person held in jail charged with an indictable offense shall be discharged if he be not indicted at the term of the court at which he is held to answer," with certain exceptions then stated. Section 390 provides for the discharge of one committed to prison if he be not brought to trial before the end of the second term after indictment, and section 391 for the discharge of one who has given bail if not brought to trial before the end of the third term after indictment found. Section 392 excepts from the operation of the two preceding sections cases where the court shall be satisfied that the state, after reasonable exertions, has been unable to secure material evidence which there is just ground to believe may be secured at the succeeding term. Sections 390 and 391, in addition, each contains an exception of cases where the delay happens on the application of the prisoner. It will hardly be controverted that these provisions do not promulgate any general policy on behalf of the public interest for the speedy prosecution and termination of criminal proceedings, but they are enactments for the benefit of the accused, for the purpose of securing to him his constitutional right to a speedy trial, and their provisions are therefore leveled against delays occasioned by the inaction of the state's officers. He would be a bold defender, more to be commended for zeal than discernment, who would contend that one who breaks jail, or violates his recognizance by flight, could claim the protection of either section, if the indictment had been found before his escape. There can be no doubt that these provisions are applicable, under the present law, to prosecutions by informa-

tion, but they are not applicable to cases where the accused is a fugitive and out of reach of the court while the successive terms elapse. They do not by any analogy aid this applicant. Section 389 requires in certain cases the indictment to be found at the term at which the accused is held to appear, but the terms of the law extend only to cases where the accused has been held in jail. There is reason for a distinction in this respect, and for requiring a more speedy prosecution of one committed to jail than of one released on bail; but without deciding that the section is applicable only to prisoners, or rather without deciding that aside from this section the same diligence is not in ordinary cases required where the accused has been admitted to bail, we think it clear that one admitted to bail cannot, on fleeing from justice, take advantage of the failure of the state to proceed against him in his absence. The letter of the statute does not extend to him, and he is certainly not within its spirit. In *Ex parte Two Calf*, 11 Neb. 221, there appears in the syllabus a statement so general that it gives color to the prisoner's contention in this behalf, but on reading the opinion it will appear that the relators were held in jail, so that the statute was in terms applicable. That also was the state of facts in *State v. Miller*, 43 Neb. 860, and the opinion and syllabus are in that case carefully confined to cases where the accused is held in jail. Neither case is then authority in support of relator's argument.

Section 583 makes it the duty of the county attorney to make examination of the facts connected with any case of preliminary examination, where the offender shall have been committed to jail or recognized or held to bail, and if he shall determine that an information ought not to be filed, to subscribe and file with the clerk a statement containing his reasons in fact and in law for not filing an information, "and such statement shall be filed at and during the term of court at which the offender shall be held for his appearance." It is then provided

that if the court shall not be satisfied with the reasons so filed the prosecutor shall be directed to file an information and bring the case to trial. The plain object of this section, enacted as a part of the act permitting prosecution by information, was to preserve a method whereby a fruitless or improper prosecution might be discontinued before information filed. Such a step might frequently be necessary, as, for instance, where, after the examination required to be made into the law and the facts, the prosecuting attorney finds he cannot make or advise another to make the oath whereby an information must be verified. The requirement that the statement must be filed at the term to which the offender is held to appear gives countenance to the argument that in ordinary cases an information must be filed at that term, but it is far from conclusive on that point, and in any event it affords no argument in favor of the duty of a prosecutor to so proceed against one who has become a fugitive, who is not being held in custody or restrained by the requirements of bail, and who is not seeking but evading the action of the court.

Section 585 enacts that no information shall be filed against any person who has not had or waived a preliminary examination, but provides as an exceptional case that informations may in such cases be filed against fugitives from justice. This only establishes the right to file an information against a fugitive from justice without a preliminary examination. The object was, as appears from the closing clauses of the section, to so permit for the purpose of aiding in process for extradition. The statute is permissive and not mandatory, and had that for its object and not the enforcement of the prosecutor to proceed by information against all fugitives.

None of the statutes relied upon by the relator entitles him to the right claimed, and it is one which he plainly does not possess in the absence of statute.

AFFIRMED.