## STATE v. TURNER.

1. MUTUAL COMBAT.—CHARGE as to mutual combat in a murder case is not error, if there be evidence from which the jury may infer there was a mutual combat, but such charge being in defendant's favor, he cannot complain.

2. JURORS.—Under the act of 1898, 22 Stat., 687, providing for drawing jurors in public, drawing jurors in office of county commissioners with closed doors, with notice thereon posted that no one will be admitted, is illegal, and conviction by such jury will be set aside.

Before BENET, J., Greenville, February, 1901. Reversed.

Indictment against John Turner for murder. From sentence on verdict of guilty, defendant appeals.

*Merrs. Wm. G. Sirrine* and *Lewis Dorroh,* for appellant, cite: *There being no evidence as to mutual combat, it was error to charge jury as to it:* 1 Strob., 479; 6 S. C., 185; 30 S. C., 609; 32 S. C., 201; 36 S. C., 479; 40 S. C., 221. *As to manner of drawing jurors:* 23 Stat., 317, 867, 319; 11 S. C., 319; 60 Me., 504; 26 Me., 151; 2 Speer, 211. *In murder case this Court will take notice of and correct errors of law apparent on record, although not made a ground of appeal:* 12 S. C., 89.

*Mr. U. X. Gunter,* assistant attorney general, contra (oral argument).

April 16, 1902. The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendant was convicted of murder. Before sentence, a motion for a new trial was made on the minutes and upon certain affidavits, which was refused. A motion was then made in arrest of judgment on grounds hereinafter set forth, which was also refused. The defendant was sentenced to be hanged on 29th March, 1901. The defendant appealed upon exceptions, the first of which is as follows:

"1st. That his Honor erred in charging the jury as to the law of mutual combat, there being no evidence, which required such a charge to be made, and that such charge misled and prejudiced the jury against the defendant." In the first place, there was testimony from which the jury might have inferred that there was a mutual combat, and in the second place, if there was error it was in favor of the prisoner, and he has no right to complain. The second exception is as follows:

"2d. That his Honor erred in overruling defendant's motion in arrest of judgment, when it appeared that the jury which tried and convicted defendant had not been properly and legally drawn. *a.* The list of jurors for the year 1901 was not prepared in public nor was the jury box filled in public, but the list was prepared and the box filled by the board of county commissioners in secret, contrary to the provisions of law. *b.* Legal notice of the drawing of the jurors was not given as required by law. *c.* The county treasurer did not act in drawing of the jurors."

The questions presented by this exception involve both law and fact. It does not appear from the record that the State contested the facts set forth in the affidavit of Capt. J. A. Mooney as to the manner in which the jurors were drawn, which contained the only testimony upon this question; nor does it appear from the record that his Honor, the presiding Judge, found the facts contrary to the affidavit just mentioned, which is as follows: "Personally appeared

before me, J. A. Mooney, who, upon being duly sworn, says : That deponent's office is in the same building and just across the hall from the office of the board of county commissioners for Greenville County.    That during the month of January, 1901, said board of county commissioners prepared the jury list and filled the jury box for said county for the year 1901. That during the time the said list was being prepared and said jury box being filled, the door of the office of said board of county commissioners was closed and locked, and a written notice posted on said door in about the following language, to the best of deponent's memory: 'The county commissioners are filling the jurors' box.    No one admitted.' If the above is not the exact language, it is the same substance.    J. A. Mooney."

.This Court, therefore, assumes that his ruling was not based upon the facts but upon the law of the case.    On the 19th of February, 1898, an act was approved entitled "An act to make the drawing of jurors public," and is as follows : "That from and after the approval of this act, jurors shall be drawn publicly, and the officers charged with such drawing shall not exclude any person who desires to be present." 22 Stat., 687.    The affidavit of Capt. Mooney shows that the board of county commissioners violated this act, and assignment of error *"a"* is sustained.

The other assignments of error involve questions of fact, which cannot be determined by this Court.

It is the judgment of the Court, that the judgment of the Circuit Court be reversed and the case remanded to that Court for a new trial.