FORREST ELLIS v. STATE OF NEBRASKA.

FILED APRIL 10, 1908.　No. 15,434.

1. **Grand Jury:** IMPANELING. Since the enactment of section 584, criminal code, no grand jury can be lawfully organized, unless its selection and impaneling has been previously ordered by a judge of the district court for the county in which said grand jury is to act.

2. ——: ——. Such order must be in writing and filed with the clerk of the district court on or before the day fixed by law for the drawing of jurors for the term of court at which the grand jury is to appear.

3. ——. *Jones v. State*, 18 Neb. 401, and *State v. Lauer*, 41 Neb. 226, followed.

ERROR to the district court for Madison county: ANSON A. WELCH, JUDGE. *Reversed.*

*William V. Allen, M. D. Tyler* and *Mapes & Hazen,* for plaintiff in error.

*W. T. Thompson, Attorney General,* and *Grant G. Martin, contra.*

LETTON, J.

The plaintiff in error was indicted for assault with intent to commit great bodily injury. To the indictment he filed a plea in abatement, challenging the authority of the grand jury which presented the indictment. A demurrer to this plea was sustained, exception was taken, a trial upon the charge had, and the plaintiff in error found guilty of a simple assault, from which conviction he has prosecuted error to this court.

It appears from the plea in abatement that no grand jury had been ordered to be summoned for the April, 1906, term of the district court for Madison county; that during the session of the April term an order was made by the court, reciting: "It appearing to the court that a grand jury is required, and there having been no grand jury drawn for service at said term, and there being no grand jury in attendance and it being necessary that a grand jury be called, it is ordered that the sheriff of said county summon from the body of the county without delay 16 good and lawful men," etc. The sheriff, in obedience to the order, summoned 16 persons, who served as grand jurors, and who presented the indictment under which the plaintiff in error was tried and convicted. An amended plea in abatement was also filed, challenging the indictment on account of certain proceedings had before the grand jury, but, in view of the conclusion which we have reached as to the first point presented, it is unnecessary to consider the question raised by such amended plea.

The question for determination is whether the grand
jury which found the indictment was legally drawn and
summoned.  Prior to 1885 all prosecutions for crime in
the district courts of this state were begun by an indict-
ment presented by the grand jury.  By the provisions of
sections 658 to 663, inclusive, of the code, the grand jury
was required to be selected from the body of the county
by the same officers and in the same manner as the petit
jury, and the manner of filling vacancies in either panel,
or of summoning a new panel in the event of a failure
from any cause of the panel of either grand or petit jury,
was provided for by section 664 of the code, or by section
405 of the criminal code.  These sections, taken together,
provide a complete and orderly method of procedure for
the securing of both a grand and petit jury for each term
of the district court, and providing for any contingency
with regard to vacancies or failures in the panel which
might arise in the course of events.  But in 1885 the
system of prosecution by information was adopted, and
the investigation of crimes and the presentation of in-
dictments therefor by a grand jury was made the excep-
tion, and not the rule.  An act was passed entitled "An
act to provide for prosecuting offenses on information and
to dispense with the calling of grand juries except by
order of the district judges," which is found as chapter
LIV, Comp. St.  By section 7 of this act (criminal code,
sec. 584) it was provided: "Grand juries shall not here-
after be drawn, summoned, or required to attend at the
sittings of any court within this state, as provided by law,
unless the judge thereof shall so direct by writing, under
his hand, and filed with the clerk of said court."  And
sections 660, 661 and 662 of the code were amended to
correspond.  In *Jones v. State,* 18 Neb. 401, the effect of
this legislation was considered with reference to proceed-
ings taken by the district court under the provisions of
section 405 of the criminal code, providing for the calling
of a grand jury from the bystanders after the regular
grand jury had been discharged, and the court, Judge

MAXWELL writing the opinion, held that the former stat-
utes regarding the summoning of grand juries were re-
pealed by implication, and that the power of the district
court to summon a grand jury under section 405 was
taken away.  In *State v. Lauer,* 41 Neb. 226, the facts
were that during the session of the September, 1892,
term of the district court for Lancaster county, for
which no grand jury had been ordered or summoned, an
order was made in writing by that court, by Judges Hall
and Tuttle, directing that a grand jury be called at a
later day in the term.  The grand jury appeared and re-
turned an indictment against Lauer, who filed a plea in
abatement on the ground that the order of the district
court directing the summoning of the grand jury was
void for want of authority, and that the grand jury's
proceedings were null and void.  A demurrer by the
county attorney to this plea was overruled by Judge
Strode of the district court, and the state excepted and
brought the case here for review.  This court held that
so long as section 584 of the criminal code remains in
force no grand jury can be lawfully selected and im-
paneled, unless first ordered by the judge of the district
court for the county in which such grand jury is to act;
that the order must be in writing and filed with the clerk
of the district court more than 20 days before the first
day of the term, and that the county board must select
the persons from whom the grand jury is to be drawn.
The judgment of the district court sustaining the plea
in abatement was affirmed.  The proceedings in the
*Lauer* case were in a county of 70,000 inhabitants; but
there is no difference in the application of the principle
involved between such a county and all others in the
state, since the only difference between the law as to the
selection of juries in such a county and one of the usual
class is merely as to minor details in the proceedings.
The reports of these two cases do not disclose whether
section 664 was called to the attention of the court, but
the proceedings in the *Lauer* case seem to have been taken

under the provisions of that section, and the circumstances were almost identical with those in this case. Prior to the legislation of 1885, if a grand jury was discharged during a term of court, then, under the provisions of section 405 of the criminal code, or, if for any other reason there was no panel in attendance, then by section 664 of the code, *the court* might order the sheriff to summon another panel. It will be observed that the power resided in the *court,* and not in the *judge.* By the law of 1885 the imperative statement is made that "grand juries shall not hereafter be drawn, summoned; or required to attend at the sittings of any court within this state, as provided by law, unless the *judge* thereof shall so direct by writing, under his hand, and filed with the clerk of said court." As construed in the *Jones* and *Lauer* cases, this section must be read in connection with the provisions of section 658, *et seq.,* and the order must be made in writing and filed by the judge on or before the day fixed by law for the drawing of jurors for the term of court at which the grand jury is to appear. We adhere to the law as laid down in these cases.

We think the interests of justice are more likely to be subserved by drawing a grand jury by lot from a list of names prepared by the county commissioners, and as nearly as may be proportionate from each precinct in the county, than by the selection by one man of the whole panel. We do not wish to be understood as holding that vacancies in the panel may not be filled under the provisions of section 664. The law as to this has not been changed. We have also held repeatedly that the provisions of this section with reference to the manner of summoning petit juries are still in force. *Barney v. State,* 49 Neb. 515; *Carrall v. State,* 53 Neb. 431; *Welsh v. State,* 60 Neb. 101; *Dinsmore v. State,* 61 Neb. 418; *Lamb v. State,* 69 Neb. 212. The legislation of 1885 did not affect the selection of petit jurors, nor did it interfere with the filling of the panel of either grand jury or petit juries, under the provisions of section 664.

Following the *Jones* and *Lauer cases,* we are of the opinion that the district court was without authority to summon a grand jury in the manner in which the jury which found the indictment in this case was summoned, and that the plea in abatement should have been sustained.

For these reasons, the judgment of the district court is reversed and the cause remanded.

REVERSED.