## IN THE MATTER OF THE APPLICATION OF HERBERT MORGAN for a Writ of Habeas Corpus.

(224 N. W. 209.)

764

Opinion filed March 26, 1929.

*E. R. Sinkler* and *Frank E. Fisk,* for petitioner.

*James Morris,* Attorney General, *Charles Simon,* Assistant Attorney General, and *A. J. Gronna,* State's Attorney, contra.

BURKE, Ch. J.    This is an application for a writ of habeas corpus. The petition shows that the defendant was on November 28th, 1928, brought before a justice of the peace charged with a felony; that he was advised to waive examination, so that his case might be tried in the district court, which was then in session at Williston, North Dakota, that he waived examination and was committed to jail and has been in jail ever since; that he was not tried at the November term; nor was any information filed against petitioner at said term, or at any other term; that the judge of the district court at Williston denied a writ of habeas corpus based on the same facts.

"That your petitioner is informed by his counsel and advised and verily believes and therefore states it to be a fact, that a regular term of the district court in and for Williams county, North Dakota, was and is fixed by law and the rules of court to convene at Williston, in said county of Williams, on the first Monday of February of each year, and should have convened with a jury on February 4th, 1929, but that

from information given to your affiant, he states that no jury is to be called for the February, 1929 term of said court, if such term is held at all, and that the next term of court at which a jury will be empaneled will not be before the month of June or July, 1929, and that by reason of the foregoing facts, your petitioner is illegally imprisoned under § 11,166 of the Compiled Laws of North Dakota for the year 1913."

Upon the hearing on the order to show cause the sheriff's return shows that petitioner's application for a writ before the judge of the district court was denied on the ground that there was good cause shown for not dismissing the prosecution. The return includes the affidavit of A. J. Knox, who was state's attorney when the petitioner was arrested, the affidavit of John Baker, father of the complaining witness, the affidavit of Lena Burton, juvenile commissioner, of Williams county, the testimony of Burt Lee and Esther Aas, from all of which it appears that the defendant could not have been tried in November, for the reason, that on the second day of December 1928 the complaining witness was driven from Williston to Ray, N. D., put on a train and sent out of the country; that diligence has been exercised to procure the complaining witness; and that the petitioner was connected with the act of sending the complaining witness out of the country.

Section 11,166, Comp. Laws 1913, reads as follows: "The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases: first, when a person has been held to answer for a public offense, if an information is not filed or an indictment found against him at the next regular term of the district court." It is under this subdivision that the petitioner asks for his freedom. Section 11,166, Comp. Laws 1913, is intended to give to every person charged with crime a speedy and public trial, as guaranteed by § 13 of the constitution, and whenever a person is held to answer for a public offense, an information should be filed or an indictment found at the next regular term of the district court, so that such person may have a speedy trial. If there is a term of court in session at the time such person is held to answer for a public offense, there may be a trial at that term, though the law does not require the filing of an information at such term, but does require it at the next regular term, and unless the information is filed at such next regular term of

the district court, the court, unless good cause to the contrary is shown, must order a dismissal of the prosecution.

In the instant case, the law did not require the filing of the information at the term of court in session at the time the defendant was held to answer, and there has been no regular term of the district court held in Williams county since the November term at which the information could have been filed, and if there has been, the defendant could not have been tried, on account of the absence of the complaining witness, who was and is absent through the efforts of the petitioner and his friends. Regular terms of the district court should be held at the time fixed by law when there is anyone awaiting trial charged with a public offense. It is good practice for the state's attorney to file information just as soon as possible, and the court will always grant a continuance on a proper showing.

We are of the opinion, however, that the petitioner was not prejudiced by not filing the information, for the reason that under the showing made he could not have had a trial either at the November or February term of court, on account of the absence of the complaining witness, for which he was himself responsible. "The defendant cannot be discharged under such statutes where he kept the state's witness out of the way." Com. ex rel. Haggerty v. Superintendent of Philadelphia County Prison, 4 Brewst. (Pa.) 320; Respublica v. Arnold, 3 Yeates (Pa.) 263.

In the case of Com. ex rel. Haggerty v. Superintendent of Philadelphia County Prison, supra, the court said: "This defendant has voluntarily delayed his trial. He has succeeded in carrying off all the commonwealth's witnesses. Possibly when he did this he had no intention of securing the present result. Like the defendants in Respublica v. Arnold, supra, he doubtless supposed that if he stripped the commonwealth of her weapons the victory would of necessity be with him. He is not the first artificer who has been caught in his own toils, and by the very means employed to defeat justice he finds himself confounded. . . . Upon principle and upon authority, therefore, there is no escape for such prisoner."

In the case of Clark v. Com. 29 Pa. 129, Mr. Justice Woodward said: "The statute was made to restrain the malice and oppression of prosecutors and to relieve *wrongful* imprisonment; not to embarrass

the administration of the criminal law; not to relieve righteous imprisonment *and to defeat public justice."*

In the case of Cook v. State, 54 N. D. 179, 208 N. W. 977, this court said: "Even on appeal a party will not be permitted to take advantage of errors which he himself committed or invited or induced the trial court to commit." A failure to bring to trial a defendant charged with crime within the time allowed by law does not entitle him to be discharged if caused by the defendant himself, or through his fault. In such a case he cannot maintain that he has been denied a speedy trial. Ex parte Cox, 12 Tex. App. 665; McGuire v. Wallace, 109 Ind. 284,. 10 N. E. 111; People ex rel. Woodruff v. Matson, 129 Ill. 591, 22 N. E. 456; State v. Billings, 140 Mo. 193, 202, 41 S. E. 778.

In the case of People v. Quijada, 154 Cal. 243, 97 Pac. 689, under a similar statute the court said: "In the first place, good cause was shown, it being established that an important witness, Jolly, was unable to attend the session of the grand jury and give his evidence earlier than he did." The court held, however, that the statute did not apply to an indictment brought in by a subsequent grand jury. In other words, if the statute applied, it could not be invoked by the petitioner, as the absence of the witness would be a good cause for not dismissing the prosecution; on the other hand, if the statute did not apply, the prosecution should not be dismissed.

"One who has been admitted to bail after a preliminary examination on a criminal charge, and who becomes a fugitive, is not, after his return or apprehension, entitled to be discharged because no information was filed against him at the term at which he was recognized to appear, and while he was a fugitive." Ex parte Trester, 53 Neb. 148, 73 N. W. 545.

The petitioner cannot be heard to say that the state has deprived him of a speedy trial when he is responsible for the absences of the. prosecuting witness, and the writ is denied.

BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.

NUESSLE, J. I concur in the result.