In the Matter. of the Application of Samuel
  Stewart for Writ of Habeas Corpus.

Criminal Law: PUNISHMENT.  A justice of the peace in a proper
  case may impose a fine not to exceed one hundred dollars, *or*
  sentence to imprisonment not to exceed three months, but can-
  not as a punishment for the same offense impose both fine and
  imprisonment.

By the Court.

The relator was tried before a justice of the peace and
convicted of "unlawfully and willfully assaulting and beat-
ing Jennie Stewart, by striking said Jennie Stewart with
his fist," etc.   The justice thereupon imposed a fine of fifty
dollars upon the relator, and sentenced him "to three
months' imprisonment in the county jail of Gage county,"
etc.   He now seeks a discharge upon habeas corpus, upon
the ground that the sentence is unauthorized.

Sec. 18, art. VI. of the constitution provides that "Jus-
tices of the peace and police magistrates shall be elected in
and for such districts, and have and exercise such jurisdic-
tion as may be provided by law; *Provided*, That no jus-
tice of the peace shall have jurisdiction of any civil case
where the amount in controversy shall exceed two hundred
dollars; nor in a criminal case where the punishment may
exceed three months' imprisonment *or* a fine of over one
hundred dollars; nor in any matter wherein the title or
boundaries of land may be in dispute."   A justice of the
peace, therefore, in a proper case, may impose a fine of not
to exceed one hundred dollars *or* sentence to imprisonment
not to exceed three months; but he cannot impose both fine
and imprisonment.   As he had imposed a fine, the sen-
tence of imprisonment is in excess of the power of the
justice, and is a nullity.   The petitioner must therefore be
discharged.

                    Judgment accordingly.

*N. K. Griggs*, for petitioner.
15