State v. Yates.

murrer to the application for the writ must be sustained, and
the action

DISMISSED.

THE other judges concur.

STATE OF NEBRASKA V. WILLIAM J. YATES.

FILED FEBRUARY 15, 1893.    No. 4982.

Criminal Law : JUSTICE OF THE PEACE: JURISDICTION.    A jus-
tice of the peace has no jurisdiction to sit as a trial court in a
criminal case where the statute creating the offense provides
that the punishment may be both a fine and imprisonment.    In
such case the justice can proceed only as an examining mag-
istrate.

EXCEPTIONS to the decision of the district court for
Fillmore county, MORRIS, J., presiding.    Filed under the
provisions of section 515 of the Criminal Code.    Excep-
tions overruled.

Charles H. Sloan, County Attorney, for the state.

F. B. Donisthorpe, contra.

NORVAL, J.

A complaint was filed in a justice court of Fillmore
county charging the defendant with willfully resisting the
coroner of said county while executing a certain writ of
replevin, duly issued out of the district court of said
county and placed in his hands for service.    Over the ob-
jections of the defendant, a jury was impaneled, the de-
fendant was tried, and the jury returned a verdict of guilty.
Thereupon the justice sentenced Yates to pay a fine of $3.
The defendant prosecuted a petition in error to the district

court, where the judgment of the justice was reversed and set aside. The county attorney, on behalf of the state, brings the case to this court under the provisions of section 515 of the Criminal Code.

The sole question presented for our decision is, did the justice court have jurisdiction to try and sentence the defendant?

The prosecution was brought under section 30 of the Criminal Code, which reads as follows: "If any person shall abuse any judge or justice of the peace, resist or abuse any sheriff, constable, or other officer in the execution of his office, the person so offending shall be fined in any sum not exceeding one hundred dollars, or imprisoned in the jail of the county not exceeding three months, *or both*, at the discretion of the court."

Section 18, article VI, of the constitution reads as follows: "Justices of the peace and police magistrates shall be elected in and for such districts, and have and exercise such jurisdiction as may be provided by law; *Provided*, That no justice of the peace shall have jurisdiction of any civil case where the amount in controversy shall exceed two hundred dollars, nor in a criminal case where the punishment may exceed three months' imprisonment *or* a fine of over one hundred dollars, nor in any matter wherein the title or boundaries of land may be in dispute."

By the provisions of the above section of the constitution the jurisdiction of a justice of the peace is limited in criminal cases to the trial of offenses where the punishment prescribed by statute does not exceed three months' imprisonment or a fine of not more than $100. A justice of the peace has no authority to impose both fine and imprisonment, nor to try and sentence in any case where the statute creating the offense provides that both a·fine and imprisonment may be the sentence. In such case the justice can proceed only as an examining magistrate.

Applying this rule to the case before us, it is obvious that

the justice exceeded his jurisdiction both in impaneling a jury and in sentencing the defendant to pay a fine, for the reason that the section of the Criminal Code, above quoted provides that both a fine and imprisonment may be inflicted. The fact that the justice in this case only imposed a fine does not make such sentence valid. The jurisdiction of a justice of the peace in a criminal case is not determined by the punishment actually inflicted, but by the penalty provided by the statute creating the offense. If it exceeds the jurisdiction of such officer, as limited by the constitution, then the justice has no power to try or sentence.

Counsel have referred us to the case of *In re Stewart*, 16 Neb., 193. In that case Stewart was tried and convicted before a justice of an assault and battery, and sentenced to pay a fine of $50 and imprisonment in the county jail for three months. He was discharged by this court upon *habeas corpus*, upon the ground that the sentence of imprisonment was in excess of the power of the justice. Although the opinion filed in that case contains some expressions which appear to be in conflict with the views herein expressed, the judgment then rendered is in harmony with this opinion.

Our conclusion is that the district court did not err in reversing the judgment of the justice. The exceptions taken by the county attorney are therefore overruled.

EXCEPTIONS OVERRULED.

THE other judges concur.