JOHN H. BOUGHN V. STATE OF NEBRASKA.

FILED APRIL 16, 1895.   NO. 6439.

1. **Limitation of Actions:** INDICTMENT AND INFORMATION. Under section 256 of the Criminal Code, an indictment must be found or information filed within the time fixed by that section. It is not sufficient that the prosecution be instituted by complaint, arrest, or preliminary examination within such period.

2. **Criminal Law:** PLEA: STATUTE OF LIMITATIONS. The defense of the statute of limitations may in a criminal prosecution be availed of under a plea of "not guilty."

ERROR to the district court for Cedar county. Tried below before NORRIS, J.

*Wilbur F. Bryant,* for plaintiff in error:

A defendant in a criminal case may avail himself of the statute of limitations under a plea of the general issue. (Bishop, Statutory Crimes, 264; 1 Starkie, Criminal Pleading & Practice [2d ed.], 339; Wharton, Criminal Pleading & Practice, 317; Maxwell, Criminal Procedure, 4; *White v. State,* 4 Tex. App., 490.)

*George H. Hastings, Attorney General,* for the state, cited: *State v. Yates,* 36 Neb., 287.

IRVINE, C.

An information was filed May 1, 1893, in the district court of Cedar county charging the plaintiff in error with assault and battery committed May 16, 1891. One defense was that the prosecution was barred by the statute of limitations. The plaintiff in error sought to present this defense by objecting to the introduction of any evidence on the ground that the information on its face showed that the prosecution was barred; second, by a request for an instruction to find "not guilty" on that account; third, by

presenting in the motion for a new trial the question of the sufficiency of the evidence; and fourth, by a motion in arrest of judgment. The rulings on all these points were adverse to the plaintiff in error. Some of the rulings have not been preserved for review by proper exceptions and assignments of error, still if the prosecution was in fact shown to be barred the verdict was not sustained by the evidence, and the conviction must be, for that reason, reversed unless the defense cannot be presented under a plea of "not guilty." Two questions are therefore presented: Did it appear that the prosecution was barred by the statute, and did the plea of "not guilty" present such defense?

Section 256 of the Criminal Code is as follows: "No person or persons shall be prosecuted for any felony (treason, murder, arson, and forgery excepted), unless the indictment for the same shall be found by a grand jury within three years next after the offense shall have been done or committed. Nor shall any person be prosecuted, tried, or punished for any misdemeanor or other indictable offense below the grade of felony, or for any fine or forfeiture under any penal statute, unless the indictment, information, or action for the same shall be found or instituted within one year and six months from the time of committing the offense, or incurring the fine or forfeiture, or within one year for any offense, the punishment of which is restricted to a fine not exceeding one hundred dollars, and to imprisonment not exceeding three months; *Provided,* That nothing herein contained shall extend to any person fleeing from justice; *Provided, also,* That where any suit, information, or indictment for any crime or misdemeanor is limited by any statute to be brought or exhibited within any other time than is hereby limited, then the same shall be brought or exhibited within the time limited by such statute; *And provided, also,* That where any indictment, information, or suit shall be quashed, or the proceedings in the same set aside or

reversed, on writ of error, the time during the pendency
of such indictment, information, or suit so quashed, set
aside, or reversed, shall not be reckoned within this statute,
so as to bar any new indictment, information, or suit for
the same offense." It is conceded by the state that by this
section the action must be instituted within one year after
the commission of the offense; but it is contended that the
punishment provided by law being at the time the offense
was committed a fine of not exceeding one hundred dollars
or imprisonment not exceeding three months, or both, the
case was not within the jurisdiction of a magistrate to try
(*State v. Yates*, 36 Neb., 287); that, therefore, the action
must have been instituted by a complaint and preliminary
examination before the magistrate, and that the institution
of the action in that manner, and not the filing of the in-
formation, must determine whether the prosecution was be-
gun within time, and that it does not appear from the record
that the action was not so instituted within one year from
the commission of the offense. We cannot accept this con-
struction of the statute. The word "instituted" evidently
refers back to the clause "for any fine or forfeiture under
any penal statute." Where the action is of such a char-
acter, it must be instituted within the time fixed by the
statute, but where the prosecution is for a misdemeanor, the
indictment must be found or the information filed within
the statutory period. So construing the statute, it is undis-
puted that the offense was committed almost two years be-
fore the information was filed and that the prosecution was
in fact barred. As to whether it is necessary to specially
plead the statute of limitations, or whether, on the other
hand, it may be availed of under the general issue, the au-
thorities are in conflict. We think, however, that the later
cases, and those best based upon principle, are to the effect
that the statute of limitations may be availed of under a
plea of "not guilty." (*Hatwood v. State*, 18 Ind., 492;
*State v. Carpenter*, 74 N. Car., 230; *White v. State*, 4 Tex.

App., 488; Wharton's Criminal Pleading & Practice, sec. 318.)  In *United States v. Cook*, 17 Wall., 179, Mr. Justice Clifford, while holding that where any exceptions are included in the statute the defense cannot be raised by demurrer, says that the rule in *Hatwood v. State* is undoubtedly correct.  The reason for this rule is that the general issue in a criminal prosecution is broader than in a civil action and casts upon the state the burden of proving every element of the offense, including the fact that it was committed within the period of limitations.  Under our Code there exist special reasons for adopting this rule, because the Code expressly provides (sec. 449) what offenses must be specially pleaded in bar, and the statute of limitations is not one of them.

REVERSED AND REMANDED.