STATE OF NEBRASKA V. FRED Y. ROBERTSON.

FILED MAY 4, 1898.   No. 9851.

1. **Criminal Prosecutions: COMMENCEMENT: STATUTE OF LIMITATIONS.**
   Section 256 of the Criminal Code construed, and *held* that the filing of a complaint before an examining magistrate charging a person with the commission of a crime, and causing him to be arrested, examined, and bound over to the district court, do not arrest the running of the statute of limitations, unless the magistrate, before whom the complaint was filed, had jurisdiction to try and punish the accused for the offense with which he was charged.

2. ——: ——: ——. August 11, 1897, the county attorney of Buffalo county filed with the county judge thereof a complaint charging one R. with having in said county on October 10, 1894, committed the crime of obtaining money under false pretenses. R. was arrested and after a preliminary examination held to answer to such charge in the district court. On November 11, 1897, the county attorney filed in the district court an information against R. for said crime. *Held*, That the filing in court during term time of the information, and not the filing of the complaint with the county judge, was the commencement of the prosecution by the state, and that it was barred by the statute of limitations. *Boughn v. State,* 44 Neb. 889, reaffirmed.

EXCEPTIONS to the decision of the district court for Buffalo county, H. M. SULLIVAN, J., presiding.   Filed by leave of the supreme court under the provisions of section 515 of the Criminal Code.   *Exceptions overruled.*

*Fred A. Nye, County Attorney,* for the state.

*John A. Miller, H. V. Calkins,* and *Dryden & Main, contra.*

RAGAN, C.

On August 11, 1897, the county attorney of Buffalo county filed with the county judge thereof a complaint against Fred Y. Robertson, in which he charged him with having, in said county, on October 10, 1894, committed the crime of obtaining money under false pretenses, as defined by section 125 of the Criminal Code of the state. A warrant was issued on this complaint, Robertson ar-

rested, a preliminary examination had, and he was by the county judge held to appear and answer in the district court for the crime with which he was charged, and for that purpose entered into a recognizance to appear in said district court on the first day of the next term thereof.  The district court convened November 8, 1897, and on the 11th of that month the county attorney filed with the clerk of said court an information charging Robertson with having committed the crime of obtaining money under false pretenses in said Buffalo county on October 10, 1894.  To this information Robertson demurred on the ground, among others, that the prosecution was barred by the statute of limitations.  The district court sustained the demurrer, dismissed the information, and discharged Robertson.  The state has filed here exceptions to the decision below, for the purpose of determining the law to govern in similar cases.

Section 256 of the Criminal Code is as follows: "No person or persons shall be prosecuted for any felony (treason, murder, arson, and forgery excepted), unless the indictment for the same shall be found by a grand jury, within three years next after the offense shall have been done or committed.  Nor shall any person be prosecuted, tried, or punished for any misdemeanor or other indictable offense below the grade of felony, or for any fine or forfeiture under any penal statute, unless the indictment, information, or action for the same shall be found or instituted within one year and six months from the time of committing the offense or incurring the fine or forfeiture, or within one year for any offense the punishment of which is restricted to a fine not exceeding one hundred dollars, and to imprisonment not exceeding three months; *Provided*, That nothing herein contained shall extend to any person fleeing from justice; *Provided, also,* That where any suit, information, or indictment, for any crime or misdemeanor, is limited by any statute to be brought or exhibited within any other time than is hereby limited, then the same shall be brought or exhibited

within the time limited by such statute; *And provided, also,* That where any indictment, information, or suit shall be quashed, or the proceedings on the same set aside or reversed, on writ of error, the time during the pendency of such indictment, information, or suit so quashed, set aside, or reversed, shall not be reckoned within this statute, so as to bar any new indictment, information, or suit for the same offense."

The crime with which Robertson is charged was committed more than three years before the filing in the district court of the information against him by the county attorney, but within less than three years before the filing by the county attorney of the complaint with the county judge on which Robertson was arrested. The contention of Robertson is that the statute of limitations continued to run from the commission of the crime until the filing of the information in the district court, and that, as it was not filed until more than three years after the commission of the crime, the right of the state to prosecute him for the crime at the time it filed its information was barred. The contention of the state is that the filing of the complaint with the county judge charging Robertson with the crime, with his arrest and preliminary examination on such complaint, was the beginning of the prosecution by the state, and that the filing of such complaint arrested the running of the statute of limitations. The question raised by these contentions must be answered by a construction of said section 256 of the Criminal Code in connection with the legislation, presently to be noticed, in reference to the prosecution of crimes upon the information of a public prosecutor.

Section 10, article 1, of the constitution (bill of rights) provides that no person shall be held to answer for such a criminal offense as the one with which Robertson is charged here, except on an indictment by a grand jury; but the section further authorizes the legislature to provide for holding persons to answer for criminal offenses on information of a public prosecutor. In pursuance of

the authority conferred by this section of the constitution, the legislature in 1885 (see Session Laws 1885, ch. 108; Criminal Code, secs. 578-585, both inclusive) authorized the courts of the state to hear and determine criminal prosecutions for crimes and misdemeanors upon an information filed by the county or prosecuting attorney in the same manner as they had authority to try and determine prosecutions for crimes upon indictments. This section 256 of the Criminal Code went into effect September 1, 1873, and therefore antedates the present constitution and the legislation just referred to. Said sections of the Criminal Code provide that the prosecuting attorney shall subscribe his name to the information, verify the same under oath, and file the same during term time in a court having jurisdiction to try the accused for the crime with which he is charged. In view of this legislation, said section 256 should be so construed, with reference to the facts in this case, as if it read: "No person or persons shall be prosecuted for any felony  *  *  *  unless the information for the same shall be filed by the prosecuting attorney in a court having jurisdiction to try the case within three years next after the offense shall have been done or committed."

The filing in court of an information by the county attorney is the commencement of the criminal prosecution, and the information is the first pleading of the state; and until this prosecution is commenced by the state, the statute of limitations runs in favor of the accused. The filing of a complaint before an examining magistrate charging one with the commission of a felony, or any other crime the magistrate has no jurisdiction to try, does not arrest the running of the statute. Such a complaint is not the beginning of the prosecution by the state. It is not the commencement of the state's action. It is not the pleading on which the state's prosecution is based and to which the accused must plead and on which he must be tried. If a grand jury should indict A on the 10th day of a month, and this indictment should not be

returned and filed in court until the 15th of the month, we think the running of the statute would be arrested on the 15th and not on the 10th; for, until the indictment has been brought into court and filed as provided by section 410 of the Criminal Code, it cannot be said that the indictment has been found, nor that the state has begun the prosecution of the accused.  The state, like a private individual, must commence its action by the filing in a court having jurisdiction to try and determine the action a pleading in which it charges the accused with having committed a certain crime at a time and place mentioned. This pleading the statute denominates either an indictment, information, or complaint.  A copy of this pleading in felony cases must be served upon the accused.  It is to this that he must plead, and it is upon the allegations of this pleading that a judgment convicting him of having committed the offense charged must stand or fall. Although the statute authorizes any person to file a complaint before an examining magistrate charging another with the commission of a crime, to cause such person's arrest and examination, such complaint and the proceeding under it do not constitute a prosecution of the accused by the state nor the commencement of the prosecution by the state, if the crime charged be a felony.  The object of such a proceeding is to ascertain if a felony has been committed, and if so, who probably committed it, and to secure the perpetrator and hold him until the state, through its prosecuting officers, shall have an opportunity to institute against him a prosecution for the crime found to have been committed.

But it is insisted here by counsel for the state that this section 256 of the Criminal Code was by our legislature taken from the statutes of Michigan; that prior to the time of our adoption of this law the supreme court of Michigan had construed it and held that the filing of a complaint with an examining magistrate charging another with commission of a felony was the commencement of the criminal prosecution and arrested the run-

ning of the statute. There are two answers to this argument. In the first place, said section 256 is no more like the statute of Michigan on that subject than it is like the statutes of a dozen other states. A comparison of the criminal statute of limitations of the state of Michigan with ours affords not the slightest evidence that one is a copy of the other. The language of the statute of Michigan is: "An indictment for the crime of murder may be found at any period after the death of the person alleged to be murdered; all other indictments shall be found and filed within six years after the commission of the offense." (2 Howell's Annotated Statutes, sec. 9507.) In the second place, counsel are mistaken in saying that the supreme court of Michigan has held that the filing of a complaint before an examining magistrate causing the accused to be arrested and bound over is the commencement of criminal prosecution, within the meaning of their statute. *People v. Annis,* 13 Mich. 511, is cited in support of this contention. In that case Annis and one Doty were arrested on a warrant issued by a justice of the peace which charged them with larceny. A preliminary examination was held and they were bound over and subsequently indicted. When the case came on for trial the state called Doty as a witness. Counsel for Annis objected to his being sworn, on the ground of his incompetency. It was insisted that he was a party to the record and, therefore, not a competent witness. The circuit court permitted him to testify, and this ruling was assigned in the supreme court as error. That tribunal declined to decide whether his being a party to the record rendered him an incompetent witness, but said: "It is true he was a party to the proceedings before the justice, but those proceedings are only preliminary to the filing of an information, and do not constitute a part of the record in the circuit court. The statute provides that, except in certain specified cases, no information shall be filed against any person for any offense until such person shall have had a preliminary examination

therefor.   *   *   *   The examination under this statute was designed to some extent to accomplish the purpose of a presentment by the grand jury under the law as it existed before.   *   *   *   But it was never designed that the complaint or warrant before the magistrate should stand in the place of a formal presentment, nor that in the circuit court the prosecuting officer should be limited by it in the mode of charging the offense." It will thus be seen that this case is not an authority for the contention of counsel. The question of the statute of limitations was not raised in the case, and the court did not decide that the filing of a complaint before an examining magistrate and causing the arrest of the accused thereunder was the commencement by the state of a criminal prosecution by indictment or information.

Another case cited in support of the contention of counsel is *People v. Clark*, 33 Mich. 112. This was an action for seduction and the court said: "The issuing of a warrant in good faith and delivery to an officer to execute, where the defendant was afterwards arrested upon that warrant and bound over for trial, is a sufficient commencement of the prosecution to satisfy the requirement of the statute of limitations." But the opinion does not disclose how long after the commission of the crime the indictment or information was filed; nor does it set out the statute which limited the time in which an action for seduction might be commenced; and the court was not discussing the defense of the statute of limitations. For aught that appears from the opinion, the statute defining and punishing the crime of seduction may have provided that the filing of a complaint before a magistrate charging one with having committed the offense should be deemed the commencement of the prosecution of that action.

Another Michigan case cited is *Yaner v. People*, 34 Mich. 286. But this was a murder case. The question of the statute of limitations was neither raised, discussed, nor decided in the case, and for the very good reason that the

statute of limitations does not run in favor of one accused of murder either in Michigan or in this state.

Still another case cited from Michigan is *People v. Evans*, 72 Mich. 367, 40 N. W. Rep. 473. But the statute of limitations was not raised nor discussed in that case. The court did say: "The examination of persons charged with offenses not cognizable by a justice of the peace was designed to take the place of a presentment by the grand jury." But this was said in discussing the merits of a plea in abatement filed by the accused to the indictment or information which alleged, in effect, that he had had no preliminary examination.

Another case cited is *Redmond v. State*, 12 Kan. 172. This was a civil action upon a criminal recognizance, and the defense was that the record of the justice of the peace before whom the preliminary examination of the accused was had did not disclose that the offense with which he was charged was committed in Coffey county, to the district court of which the accused was bound over to appear. The question as to whether the filing of a complaint charging one with the commission of an offense is the beginning of a criminal prosecution within the meaning of the criminal statute of limitations was not presented in the case.

We have not been cited to any case, nor have we been able to find one, which holds that the filing of a complaint before an examining magistrate causing the accused to be arrested and bound over is the institution or the commencement of the criminal prosecution for a felony within the meaning of a statute like ours. Indeed, the authorities found are all to the contrary effect.

*In re Griffith*, 35 Kan. 377, 11 Pac. Rep. 174, is a unique case. On September 4, 1883, a complaint was filed before a justice of the peace charging Griffith with forgery. Griffith was not arrested under this complaint, but on September 12, 1883, he was arrested, tried, and convicted of the forgery, and sentenced to the penitentiary for three years. On March 10, 1886, the governor of Kan-

sas pardoned Griffith, and he was at once arrested on a warrant based on the complaint filed before the justice of the peace on September 4, 1883. He then applied to the supreme court for a writ of habeas corpus on the ground that more than two years had elapsed since the commission of the forgery, and that, therefore, the state was barred from prosecuting him for that crime. The court said: "But it is insisted on the part of the state that the making and filing of the complaint on September 4, 1883, is a commencement of the prosecution, within the meaning of the statute of limitations, and prevents the bar under the statute. The question presented then is, does the making and filing of a complaint charging the defendant with a felony, and upon which no warrant is issued nor arrest made, constitute the commencement of the prosecution within the meaning of the statute of limitations? We think not. While the legislature has defined what shall be deemed the commencement of a civil action, it has nowhere provided what shall constitute the commencement of a criminal prosecution. * * * It was conceded in argument that the presentation or filing of an indictment or information was the commencement of a prosecution, but the filing of a mere complaint before a magistrate charging the commission of a felony cannot be so regarded. Neither the preliminary examination nor the prosecution is founded upon the complaint. As has been decided, 'the original complaint has spent its force when the order of arrest is issued, and the order of arrest is the foundation for the preliminary examination.' "

Section 1044, Revised Statutes of the United States, provides: "No person shall be prosecuted, tried, or punished for any offense, not capital, except as provided in section 1046, unless the indictment is found, or the information is instituted within three years next after such offense shall have been committed." Lacey was charged before a United States commissioner with the crime of perjury, warrant issued, and he was arrested. This oc-

curred within three years of the date of the commission
of the crime. He appears to have been held in custody
without indictment or information having been found
until more than three years had elapsed from the date
of the commission of the crime, and he then applied to the
supreme court of Oklahoma for a writ of habeas corpus
upon the ground that, as he had not been indicted for
the crime, and more than three years had elapsed since
its commission, he could not be prosecuted therefor; and
the supreme court took that view of the case and dis-
charged him. The court said: "It is contended by pe-
titioner that, inasmuch as no indictment was found
within three years [after the commission of the offense]
he cannot be prosecuted; and upon the other hand it is
urged that bringing proceedings before the commissioner
is sufficient under the statute. The decision must turn
upon the construction of that portion of the section of
the statute which reads, 'or the information is instituted,'
and if it shall be found that such language refers to the
filing of a complaint in a commissioner's court, then the
petitioner must be remanded, otherwise released." (*Ex
parte Lacey*, 37 Pac. Rep. [Okla.] 1095.)

In *City of Pilot Grove v. McCormick*, 56 Mo. App. 530, it
was said that the filing of an information by the prose-
cuting officer, and not the filing of a complaint before
the justice of the peace, is the commencement of a crim-
inal prosecution. To the same effect see *People v.
Ayhens*, 24 Pac. Rep. [Cal.] 635; *State v. Morris*, 10 S. E.
Rep. [N. Car.] 455.

This section 256 of the Criminal Code has been twice
under review in this court. In *Jolly v. State*, 43 Neb. 857,
Jolly was tried before a justice of the peace for an assault
and battery and convicted. He appealed to the district
court, was again convicted, and prosecuted error to this
court. One error assigned in this court was the charge
of the district court to the jury to the effect that they
might find the accused guilty if they found that he com-
mitted the crime within eighteen months prior to the

date of filing the complaint before the justice of the peace. We disposed of that argument here by saying that the instruction, though erroneous, was without prejudice, because the record disclosed, without contradiction, that the offense was committed on May 29, 1891, and that the complaint was filed before the justice of the peace on June 8, 1891. But it is to be observed that this case was tried upon the theory that the justice of the peace had jurisdiction to try and punish the accused for the offense of assault and battery. That being correct, then the filing of the complaint with the justice of the peace charging the accused with the offense was the commencement of the prosecution. But this section as it now stands was passed by the legislature in 1893, and section 17 of the Criminal Code in force in 1891 provided that a person convicted of assault and battery should be fined in any sum not exceeding $100, or imprisoned in the jail of the county not exceeding three months, or both, in the discretion of the court. The justice of the peace, therefore, had no jurisdiction to try and punish one accused of the offense of assault and battery under that statute. (Constitution, art. 6, sec. 18; *State v. Yates*, 36 Neb. 287.) In the *Jolly Case* we did not hold, nor did we intend to hold, that the filing of a complaint before a justice of the peace accusing one of a felony, causing him to be arrested and examined and bound over, was the commencement of a criminal prosecution for a felony. What we did hold in that case, and all we held on the subject, was that where a justice of the peace had jurisdiction to try and punish for an offense, then the filing of a complaint before him charging a person with the commission of that offense was the commencement of the state's prosecution.

In *Boughn v. State*, 44 Neb. 889, construing this section 256 of the Criminal Code, we distinctly held: "Under section 256 of the Criminal Code, an indictment must be found or information filed within the time fixed by that section. It is not sufficient that the prosecution be in-

stituted by complaint, arrest, or preliminary examination within such period." The correctness of this decision is assailed by counsel for the state in the action at bar. But, after a re-examination of the question, we think the conclusion reached by us in that case was the correct one. Boughn was convicted of assault and battery. The information was filed May 1, 1893, and charged him with committing this offense May 16, 1891. In other words, almost two years elapsed between the date of the commission of the offense and the date when the state began its prosecution by information against him. At that time, to-wit, 1891, a justice of the peace had no jurisdiction to try and punish one for the offense of assault and battery, and the state conceded that under section 256 of the Criminal Code the prosecution must be begun within one year after the commission of the offense, but contended that the filing of a complaint before a justice of the peace, charging the accused with having committed the offense and the holding of a preliminary examination, was the commencement of the criminal prosecution within the meaning of the statute. They based this contention on the word "instituted" found in section 256. Answering this contention we said: "We cannot accept this construction of the statute. The word 'instituted' evidently refers back to the clause 'for any fine or forfeiture under any penal statute.'"

An analysis of said section 256 leaves no doubt in our mind that we placed upon the statute the proper construction: (1.) The statute does not run in favor of persons accused of treason, murder, arson, or forgery. (2.) It has no application to persons accused of crime and fleeing from justice. (3.) The quashing of an indictment or information, or the reversal of a judgment based thereon, does not again set the statute in motion. (4.) It does not control any special statute of limitations made applicable to any specific offense, crime, or misdemeanor. With these exceptions, no person shall be prosecuted for any felony unless the state shall have by indictment or

information instituted a prosecution against him therefor in a court having jurisdiction to try the accused for the felony within three years after the date of its commission. (5.) No person shall be prosecuted for any misdemeanor unless the state by indictment or information shall institute a prosecution against him for the offense in a court having jurisdiction to try and punish the accused for the misdemeanor within one year and six months after the date of its commission, provided that if the punishment for the misdemeanor is limited to a fine not exceeding $100 and imprisonment not to exceed three months, then the prosecution must be instituted by indictment or information within one year after the date of the commission of the misdemeanor. (6.) A suit will not lie on behalf of the state to recover a fine or forfeiture under a penal statute unless the action shall be instituted for that purpose within one year and six months from the time the cause of action accrued.

Our conclusion therefore is that the filing of a complaint before a justice of the peace, or other inferior court, charging a person with the commission of a crime, causing him to be arrested, and a preliminary examination held and causing him to be bound over to the district court, will not arrest the running of the statute of limitations, unless the magistrate before whom the complaint was filed had jurisdiction to try and punish the accused for the offense with which he was charged. The exceptions to the decision of the district court are overruled.

Exceptions overruled.

Norval, J., not sitting.