## THOMAS VAN DUZER v. GEORGE MELLINGER.

FILED DECEMBER 3, 1902. No. 12,239.

1. Act: TITLE: AMENDMENT. An act entitled "An act to amend section ——, chapter ——, Compiled Statutes of Nebraska," justifies any legislation by way of amendment to the original section which is germane to the subject-matter contained in the section amended.

2. ——: ——: ——: STATUTE OF FRAUDS: CHATTEL MORTGAGE. Section 15 of chapter 32 of the Compiled Statutes, 1901, entitled "Frauds," prior to its amendment in 1885, provided for the filing and indexing of mortgages of chattel property and for the release of such mortgages when the conditions thereof had been performed; *held,* that the amendment of the section in 1885, by providing for the recovery of a stated sum as liquidated damages by the mortgagor for failure and refusal of the mortgagee to release such mortgage after the conditions of the mortgage had been performed and after demand therefor, was embraced within the proper scope of the legislation enacted by the original section and was germane to the subject-matter therein contained, and that such amendatory act does not contravene section 11, article 3, of the constitution, which declares: "No bill shall contain more than one subject and the same shall be clearly expressed in its title."

ERROR from the district court for Kearney county. Action in the nature of debt to recover the statutory penalty for failure to release a chattel mortgage. Tried below before ADAMS, J. The plaintiff recovered judgment. The defendant brings error. *Affirmed.*

*John L. McPheely,* for plaintiff in error:

When the act is broader than the title, that portion in excess of the title will be declared void; as where the title of the act relates to "all citizens" and the body to "all persons." *Messenger v. State,* 25 Nebr., 674.

*Milo D. King, contra:*

The law will be sustained unless clearly unconstitutional. The object of the framers of the constitution was not to place the legislature in a strait jacket. *Kansas C. & O. R. Co. v. Frey,* 30 Nebr., 790, 792.

HOLCOMB, J.

An action was brought and judgment recovered for $50 as liquidated damages for failure to release a chattel mortgage after the same had been satisfied and after demand therefor, such action being prosecuted under the provisions of section 15, chapter 32 of the Compiled Statutes of 1901.* The defendant brings error, and the sole ground urged for the reversal of the judgment rendered in the trial court is that the provision in the section referred to which authorizes a recovery in the sum stated for a failure to release a chattel mortgage after full performance of its conditions and after demand, is unconstitutional and void, as violative of section 11, article 3, of the constitution, which declares: "No bill shall contain more than one subject, and the same shall be clearly expressed in its title." Section 15 of chapter 32 was amended by the legislature of 1885, and by the amendment the right to recover damages in the fixed sum mentioned was given, which had not theretofore existed, and it is this new matter in the act which counsel for plaintiff in error contends is unconstitutional and void because contravening the provision of the constitution we have quoted. In the manner in which the subject is presented it is unnecessary for us to discuss

* Cobbey's Annotated Statutes, sec. 5964.

anything more than the passage of the amendatory act of 1885 and ascertain whether, in amending the original section as it then existed, the fundamental law has been violated. The section, as it stood before the passage of the amendatory act, provided that a county clerk should enter in a proper book or record the names of all parties to every instrument intended to operate as a chattel mortgage, arranging the names of the mortgagors in alphabetical order, and noting on such record the time of filing the instrument or a copy thereof, and then provided that "such mortgage when satisfied may be discharged by an entry by the mortgagee or his agent on the margin of such index, which shall be attested by the clerk without fee, and the original instrument or copy so filed shall be returned to the mortgagor." Compiled Statutes, 1883, ch. 32, sec. 15. The amendatory act is entitled "An act to amend section fifteen (15) chapter thirty-two (32) of the Compiled Statutes of Nebraska, entitled 'Frauds.'" Session Laws, 1885, p. 260, ch. 53. In the section as amended the word "may" in the original section as quoted was omitted and word "shall" inserted in lieu thereof. The provision therein contained for returning the instrument to the mortgagor when satisfied was omitted, and a proviso was added as follows: *"Provided, also,* That the county clerk may discharge a mortgage on the presentation or receipt of an order in writing signed by the mortgagee thereof and attested by a justice of the peace or some officer with a seal." It is conceded that the amendments of which we have just made mention are entirely proper, and germane to the subject of legislation of which the act was amendatory. It is insisted, however, that the remainder of the section as amended introduces a new subject of legislation, is not amendatory, nor within the title of the act, and therefore void by reason of the constitutional provision quoted. The portion objected to is as follows: "Any mortgagee, assignee or their legal personal representatives after full performance of the conditions of the mortgage who for the space of ten (10) days after being requested shall refuse, or neglect to

discharge the same as provided in this section—shall be liable to the mortgagor, his heirs, or assigns in the sum of fifty ($50.00) dollars damages and also for all actual damages sustained by the mortgagor occasioned by such neglect or refusal, said damages to be recovered in the proper action." This section, as at present existing, has heretofore been under consideration by this court with reference to its bearing as to the mode of its passage on other provisions of the constitution, and it was there held constitutional as to such other provisions. *Clearwater Bank v. Kurkonski,* 45 Nebr., 1. The question of whether the provision objected to was germane to the subject embraced in the original section and was in fact amendatory legislation, as its title implies, was not passed upon, because it was not raised in the court below. It is proper here to remark that the section under consideration is an amendment of one of the sections of the law enacted when the present state was under a territorial organization, and appears in the Revised Statutes of 1866 (p. 293) under the general title of "Real Estate," and under the sub-title of "Fraudulent Conveyances and Contracts Relative to Goods, Chattels and Things in Action," and was carried into the Compiled Statutes under the title of "Frauds." The original legislation embraces the subject of conveyances intended to operate as mortgages on chattel property when the execution of the instrument was not accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged. All such instruments were declared fraudulent and void as against creditors of the mortgagor and subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, was filed and recorded as directed by law. The law also provided for a limitation as to the time such an instrument should be valid as a lien on the property covered thereby after the same was filed and recorded as contemplated by the act. The subject embraced in this legislation and the object to be accomplished was manifestly to give to bona-fide mortgagees a lien on chattel

property remaining in the possession of the mortgagor, and to provide for the extinction of the lien after a limited period. By amendment the mortgage lien was permitted to be continued for a greater period of time, and provision made for the release of record of the lien created thereby when the conditions of the mortgage had been satisfied. Were it not for these provisions, a lien could not be acquired as against creditors and good-faith purchasers on chattel property remaining in the control and possession of the mortgagor, and over which he exercises dominion, and apparently absolute ownership, to control and dispose of as he may desire. The law provided a system of registry of chattel mortgages, whereby notice was imputed to all who dealt in respect of the property mortgaged. It is, we think, quite obvious that in legislation of this character, when the filing of a chattel mortgage and its indexing in the manner provided by law creates a valid lien on the personal property mortgaged, even though it remains in the possession of the mortgagor, the release of such lien on the record when the conditions of the mortgage have been performed is entirely within the proper scope of the act and is comprehended in the general subject-matter of such legislation. The record being made effective to give to a mortgagee not in possession of personal property a valid lien, its release and the unfettering of the chattels, that they may be bought and sold in the markets by those in the possession and control thereof, is equally as important, and is embraced in the general subject of legislation; and, as we understand counsel, this is conceded. The amendatory act is properly entitled and justifies any legislation by way of amendment to the original section which is embraced within the general scope of the original act and is germane to the subject-matter therein legislated upon.

This brings us, then, to the sole question of whether the provision of the section under consideration, allowing the recovery of a stated sum as liquidated damages for failure and refusal to release a mortgage after its condi-

tions are performed, is germane to the general subject embraced in the original legislation, or is extraneous thereto. Upon this point the rule is quite well settled in this jurisdiction that where the title to a bill is to amend a particular section, no amendatory legislation not germane to the subject-matter of the original section proposed to be changed is permissible. *Armstrong v. Mayer,* 60 Nebr., 423; *State v. Bowen,* 54 Nebr., 211, 215; *State v. Cornell,* 54 Nebr., 72. But is not the provision objected to, which provides only an adequate means of enforcing the statute for a release of the mortgage lien of record when satisfied, relevant and germane to the general subject being legislated upon? It seems to us this question must be answered in the affirmative. Many of the laws now in force not only embrace the principal object to be accomplished, but additional provisions pertinent to the subject-matter, in order to effectuate more certain and prompt execution and enforcement of the law, and command obedience to its provisions. It is obvious that the amendment complained of has been made to the original section with the object and for the purpose of enforcing the release of a chattel mortgage on the records when its conditions have been performed, and without which that portion providing for a release of the mortgage when satisfied would not give to the mortgagor, who then is entitled to have his property freed from the apparent incumbrance, the satisfaction and relief he is entitled to. The mortgagor would be helpless. The section authorizes and requires a release when conditions are complied with, but no adequate means of enforcing the law's requirement would exist without some such provision as contemplated by the amendatory act. The amendment comes within the principle laid down in *Perry v. Gross,* 25 Nebr., 826, where it is held that an amendatory act entitled "An act to amend sections * * * 214 * * * of the Criminal Code"* was sufficient to authorize the amendment of the section by giving a right to the recovery of money or property lost in gambling in

---

* Session Laws, 1875, p. 11. sec. 25.

a civil action, in addition to the punishment authorized in the original section for engaging in gambling.

In *Singer Mfg. Co. v. Fleming,* 39 Nebr., 679, it is held that an act to provide for the better protection of the earnings of laborers comprehended legislation authorizing a recovery as compensatory damages of the debt, costs, expenses and attorney fees, where exempt wages of laborers had been garnisheed in violation of the act. It is there said in the opinion (p. 684) : "Merely to declare the doing of certain acts unlawful would be nugatory unless the act itself or other provisions of the law provided a redress for injuries inflicted by reason of its violation. Without the section providing a remedy the act would not provide 'for the better protection of the earnings' of the persons sought to be protected. Both a substantial enactment of law and a remedy for its violation are fairly included in the title, and the act would not be complete in the absence of either provision."

See, also, *State v. Power,* 63 Nebr., 496, where it is held that the title of the act considered in *Singer Mfg. Co. v. Fleming, supra,* also comprehended legislation providing for the punishment of those who violate the provisions of the act by doing the things therein declared unlawful; and the several authorities there cited.

As to the application and construction generally of the constitutional provision invoked, see *Kleckner v. Turk,* 45 Nebr., 176; *Poffenbarger v. Smith,* 27 Nebr., 788; *State v. Cornell,* 50 Nebr., 526; *City of St. Louis v. Tiefel,* 42 Mo., 578; *O'Leary v. County of Cook,* 28 Ill., 534.

The amendatory act and all provisions of the section as amended, we are of the opinion, were germane to the subject-matter contained in the original section, as better calculated to effectuate the object and purpose of the law by providing for a release of a chattel mortgage when satisfied, and affording a proper remedy to the injured party for the neglect and refusal to release such lien when it became one's duty to do so, and therefore is not in contravention of the provisions of the constitution appealed to in support of the contention that the law is invalid.

State v. Jessen.

It follows that the judgment of the district court is without error and should be affirmed, which is accordingly done.

AFFIRMED.