## EGBERT PANDOLFO V. STATE OF NEBRASKA.

FILED JANUARY 23, 1931. No. 27466.

*Victor Westermark* and *L. S. Harvey*, for plaintiff in error.

*C. A. Sorensen, Attorney General*, and *L. Ross Newkirk*, *contra*.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

Goss, C. J.

The defendant was charged jointly with others with violating what is commonly called the "Blue Sky Law," by selling securities without first having obtained a permit. This defendant obtained a separate trial, was convicted and sentenced to two years in the penitentiary.

He assigns error on several grounds, the first of which is that the information does not state a crime. The information is laid under title V, art. XXI (sections 8114-8144) Comp. St. 1922, now chapter 81, art. 54, Comp. St. 1929. The term "securities" is defined under section 8114, Comp. St. 1922, now section 81-5401, Comp. St. 1929; the securities exempted from the act were defined in section 8115, Comp. St. 1922, as amended by section 1, ch. 32, Laws 1925, now section 81-5402, Comp. St. 1929; the application and permit are prescribed in section 8116, Comp. St. 1922, now section 81-5404, Comp. St. 1929; and the penalty for violation is found in section 8137, Comp. St. 1922, now section 81-5425, Comp. St. 1929.

In substance the information charged that on February 3, 1930, Egbert Pandolfo, in Dundy county, Nebraska, did wilfully, purposely, unlawfully and feloniously sell, negotiate for the issuance and sale of and take subscriptions for and promote the offering, issuance and sales of certain securities to K. L. West, residing in the state and not a dealer in such securities, the securities being known as Sque-e-ks-n-rattles of St. Cloud, Minnesota, which securities are not specifically exempt from the provisions of the statutes of 1922, without either the said association or defendant having first obtained a permit therefor from the department of trade and commerce.

It is assigned that the information does not state facts sufficient to constitute a crime. It is laid in the language of the statute and this is enough. *Cordson v. State,* 77 Neb. 416; *Goff v. State,* 89 Neb. 287; *Philbrick v. State,* 105 Neb. 120. Nothing in our statutes requires the information to state a multiplicity of sales. It is urged that the information was defective by reason of its failure to

refer to the amendment of the statutes of 1922, made in the session of 1925. The exemptions under the old law, so far as they affected the type of securities here, were not changed by the 1925 amendment. "The simultaneous repeal and reenactment of a statute in terms, or in substance, is a mere reaffirmance of the original act, and not a repeal in the strict or constitutional sense of the term." *State v. Bemis,* 45 Neb. 724. In accord therewith are *Schneider v. Davis,* 109 Neb. 638; *Gooch Milling & Elevator Co. v. Chicago, B. & Q. R. Co.,* 109 Neb. 693. The information need not specifically negative the exemptions set out in the statute as such. The answers to this claim of defective information are: (1) The information does negative the exemptions in general terms; (2) as already shown, the information follows the statute and is sufficient; and (3) "An information need not negative the exceptions of a statute, which are not descriptive of the offense." *Sofield v. State,* 61 Neb. 600; *People v. Love,* 310 Ill. 558; *McKelvey v. United States,* 260 U. S. 353.

Perhaps the most serious error assigned arises out of instructions by the court that the burden was upon the defendant to establish that the securities offered by him were within the exemptions allowed by the law. It is argued that instructions No. 3 and No. 7 which so stated that burden are based upon an unconstitutional law; that is, that when chapter 32, Laws 1925, so amended section 8115, Comp. St. 1922, by adding that burden of proof as shown in section 2, the act was unconstitutional because that particular burden was not clearly stated in the title of the act and was not germane to the subject, in contravention of that provision of section 14, art. III of the Constitution, which says: "No bill shall contain more than one subject, and the same shall be clearly expressed in the title." It is true that the title in chapter 32, Laws 1925, did not expressly refer to the subject of burden of proof, as to exemption of securities, which was stated in the amendatory act as a defense to be established by the issuer or seller of securities. But the item was germane

to the subject of exemptions which was the entire subject of the section amended and of the title and text of the amendatory act. The amendatory section deals exclusively with the object and purpose of exemptions. The provisions of the Constitution relating to titles are to be "liberally construed, and so construed as to admit of the insertion in a legislative act of all provisions which, though not specifically expressed in the titles, are comprehended within the objects and purposes of the act as expressed in its title; and to admit all provisions which are germane, and not foreign, to the provisions of the act as expressed in its title." *Affholder v. State,* 51 Neb. 91. An illustration of an amendment analagous to that under consideration is found in *Van Duzer v. Mellinger,* 66 Neb. 508. We are of the opinion that the amendment was germane, and that the section as amended is not unconstitutional for any reason presented.

It is assigned that the evidence was not sufficient to support the judgment. We are not impressed with the point, which is not stressed in the argument. It would be of no value to state the evidence. There was ample evidence to justify the trial court in refusing to direct a verdict for the defendant, to support the verdict of the jury, and to sustain the judgment of the district court.

For the reasons stated, the judgment of the district court is

AFFIRMED.