## TAYLOR v. O'GRADY, Warden.

### No. 493.

Circuit Court of Appeals, Eighth Circuit.

Aug. 3, 1940.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

## PER CURIAM.

The petitioner submitted to Judge THOMAS of this court his petition for a writ of habeas corpus; and this court being in session the petition was referred to the court for consideration.

The petitioner is an inmate of the State Penitentiary of Nebraska at Lancaster in that state. He was committed by the district court of Knox county, Nebraska, after conviction of a felony, in January, 1940. His contention is that the court was without jurisdiction to try and sentence him for the reason that the prosecution was barred by the statute of limitations.

The circumstances upon which this contention is based are in brief as follows.

An amended county attorney's information filed October 21, 1939, charged:

"That Perry Taylor on or about the 3rd day of October, 1930, in the County of Knox, State of Nebraska, then and there being did then and there wilfully, unlawfully and feloniously steal, take and lead away four heifers of the value of $145.00, the personal property of Adam Stoural, without the consent of the said Adam Stoural, the owner thereof, and against his will, contrary to the form of the Statutes in such cases made and provided and against the peace and dignity of the State of Nebraska.

"That Perry Taylor, did on or about the 7th day of October, 1930, leave his place of residence in Knox County, Nebraska, and did flee from justice and concealed himself to avoid detection and prosecution for the aforesaid offense until the 26th day of June, 1939."

Upon this charge Taylor was tried to a jury, convicted and sentenced to be confined three years in the penitentiary. He appealed to the Supreme Court of Nebraska where the judgment of conviction was affirmed on May 25, 1940. Taylor v. State, Neb., 292 N.W. 233.

Section 110, Ch. 29, Compiled Statutes of Nebraska of 1929, provides that "No person or persons shall be prosecuted for any felony (treason, murder, arson or forgery excepted), unless the indictment for the same shall be found by a grand jury, within three years next after the offense shall have been done or committed * * * Provided, nothing herein contained shall extend to any person fleeing from justice."

■ Assuming the truth of all these facts, it is our first duty to determine whether or not they warrant the issuance of a writ of habeas corpus; for if "it appears from the petition itself that the party is not entitled thereto" it should not be issued. Title 28 U.S.C.A. § 455.

■ Clearly if the three-year statute of limitations was applicable the action was barred and the court was without power to try petitioner for the crime committed or to impose sentence upon him nine years after the event. Boughn v. State, 44 Neb. 889, 62 N.W. 1094; State v. Robertson, 55 Neb. 41, 75 N.W. 37. The only question in this case is whether the statute was tolled. If so, the court had jurisdiction.

■ It was charged in the information "That Perry Taylor, did on or about the 7th day of October, 1930, leave his place of residence in Knox County, Nebraska, and did flee from Justice and concealed himself to avoid detection and prosecution for the aforesaid offense until the 26th day of June, 1939." It appears that evidence was introduced in support of this charge by the state and that it was controverted by petitioner. The court submitted the question to the jury and it found against the petitioner. He appealed to the Supreme Court of the state. The proceedings before the trial court were carefully reviewed, and the judgment affirmed. The fact that petitioner fled from justice as alleged and that he concealed himself to avoid detention and prosecution for the offense of stealing the four cattle is settled, and the determination of that fact by the courts of Nebraska having jurisdiction of the case is binding upon both the petitioner and the federal court. This being true, the statute of limitations was tolled from October 7, 1930, until June 26, 1939, or for a period of 8 years, 8 months.

and 19 days. The three year statute of limitations had been running less than a year, therefore, at the time the amended information was filed on October 21, 1939, and at the time sentence was pronounced upon him.

Petitioner throughout his petition and brief seems not to understand the meaning of the tolling statute, nor the effect of the charge that he was a fugitive from justice and that he concealed himself to avoid prosecution. When he appreciates that under the law of Nebraska the statute of limitations does not operate in favor of a fugitive from justice during the time he is absent from the jurisdiction of the court, he will understand that the district court of Knox county, Nebraska, had power to try and convict him and that the prosecution was not barred. And this being true no court has power to order the release of the petitioner from prison on a writ of habeas corpus. It would be idle, therefore, to issue the writ. See State ex rel. Trester v. Leidigh, 53 Neb. 148, 73 N.W. 545.

It is, therefore, ordered that the application for a writ of habeas corpus be denied and the petition dismissed.