### GLEN EMERY V. STATE OF NEBRASKA.
295 N. W. 417

FILED DECEMBER 20, 1940. No. 30893.

*H. T. White,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *Don Kelley, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

The plaintiff in error was convicted in the district court for Dakota county of the crimes of chicken stealing and breaking and entering. He brings the case to this court for review.

The record shows that the alleged crimes were committed on May 18, 1936, and that the complaint upon which he was arrested was filed on September 25, 1939. Plaintiff in error demurred to the information and, after an adverse ruling thereon, moved to quash the information, which motion was also overruled. It is argued that these rulings

were erroneous for the reason that the information showed on its face that the statute of limitations had become a bar to the prosecution.

We think the correct rule is as follows: It is generally sufficient in an information to describe the crime charged in the language of the statute and it is not ordinarily necessary to negative the exceptions contained in a statute defining a crime if they are not descriptive of the offense. *Pandolfo v. State,* 120 Neb. 616, 234 N. W. 483. The statute of limitations is not descriptive of the offense and it is not necessary to plead an exception which makes it inoperative. *Boughn v. State,* 44 Neb. 889, 62 N. W. 1094. We think the better rule is that statutes of limitation, as applied to criminal procedure, need not be pleaded and may be raised under the general plea of not guilty. *Hogoboom v. State,* 120 Neb. 525, 234 N. W. 422. The trial court was not in error therefore when it overruled the demurrer and the motion to quash.

The applicable statute of limitations provides that no person or persons shall be prosecuted for any felony unless the indictment shall be found within three years next after the offense shall have been committed, provided nothing therein contained shall extend to any person fleeing from justice. Comp. St. 1929, sec. 29-110. It was proper for the state to show that plaintiff was fleeing from justice and, if the evidence was sufficient, for the court to instruct the jury with reference thereto.

It is contended by plaintiff in error that the evidence is not sufficient as a matter of law to show that he was fleeing from justice. The record shows that plaintiff in error was living with his father in Dakota City at the time the crime was committed. Immediately thereafter he left for Omaha, where he maintained his own home. The evidence shows that a warrant was forwarded to the Omaha police department on or about May 20, 1936, with instructions to pick up plaintiff in error and hold for the sheriff of Dakota county. The record shows that the police called at his home and, not finding him in, decided to wait

until they should happen to run across him. There is evidence in the record that defendant was about his home continuously during the three years immediately following the perpetration of the alleged crime.

We are of the opinion that an accused person who resides in his own home within the jurisdiction of the court, openly and notoriously, during the running of the statute of limitations is not fleeing from justice within the purview of the statute. Plaintiff in error was known to be in Omaha, otherwise the warrant for his arrest would not have been sent to that place. The fact that the officers in Omaha indifferently sought the accused and negligently permitted three years to elapse without making the arrest is not sufficient to sustain a finding that the accused was fleeing from justice. The term "fleeing from justice" necessarily contemplates that the accused has departed from his usual place of residence to a place where he cannot be found in the exercise of reasonable diligence by the officers. In the instant case, the failure to arrest the accused was due to the negligence of the officers holding the warrant, not anything that the accused did. The exception contained in the limitation statute was not intended to protect negligent law enforcement officers, but to prevent an accused from defeating justice by absconding or hiding himself so that law enforcement officers could not perform their duty even if they diligently attempted to do so.

We are obliged to hold that the trial court erred in not sustaining the motion of plaintiff in error for a directed verdict at the close of all the evidence.

REVERSED.

JOHNSEN, J., not participating.